IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| In re: § | | Case Number |
| § | | 11-70726-M-11 |
| JESUS FLORES, § | | (Chapter 11) |
| Debtor § | | |

## NOTICE OF VOTING AND OBJECTION DEADLINE
## AND NOTICE OF CONFIRMATION HEARING

A copy of a proposed plan, combined with its disclosure statement, is attached.  If you are the holder of a claim that is impaired by the plan, you have the right to vote by the enclosed ballot.  **The deadline for receipt of your ballot is May 9, 2012** Late ballots will not be counted.

Please read the enclosed plan and disclosure statement in its entirety before you vote.  You may wish to retain your own attorney or accountant to assist you in determining whether to accept or reject the proposed plan.  Neither the Debtor nor his counsel can give you advice on how to vote.

The plan will not be binding on any person unless the United States Bankruptcy Court enters an order confirming the plan.  There are many requirements for confirmation of a plan.  These are contained in § 1129 of the Bankruptcy Code.  One of the requirements is that at least one class of impaired claims votes to accept the plan, by both a two-thirds majority (measured by the dollar amounts of claims that are voted) and a simple majority (measured by the number of persons who vote).  Accordingly, it is important that you return your ballot.  Mailing instructions are contained on the ballot.

You may also file a written objection to confirmation of the plan.  Written objections must be filed with the Clerk of the Bankruptcy Court.  **The deadline to file a written objection is May 9, 2012.  A vote rejecting the plan is not the same as an objection to the plan.**

You may also file an objection as to the adequacy of the disclosure statement that is attached.  The disclosure statement is required to contain "adequate information" to allow you to make an informed decision on how to vote on the plan.  If you object to the adequacy of the disclosure statement, you must file a written objection that is received by the Clerk of the Bankruptcy Court not later than April 11,2012.

A hearing on whether to confirm the proposed plan has been scheduled **for  May 16, 2012 at the  Reynaldo G. Garza – Filemon B. Vela United States Courthouse, 600 E. Harrison St. Brownsville, Texas 78520 at 9:00 am.**

The hearing is open to the public.

Jesus Flores
K:\244\244617\Plan  Disclosure.docx

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| In re: § | Case Number | |
| § | 11-70726-M-11 | |
| **JESUS FLORES,** § | (Chapter 11) | |
| Debtor. § | | |

**PLAN OF REORGANIZATION
AND DISCLOSURE STATEMENT**

JESUS FLORES files this Plan of Reorganization and Disclosure Statement. The Debtor is seeking to repay his debts over time pursuant to the terms of his Plan of Reorganization. As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

The Court has not yet confirmed the Plan. In other words, the terms of the Plan are not yet binding on anyone. If the Court later confirms the Plan, then the Plan will be binding on the Debtor and on all creditors and interest holders in this case.

The Debtor represents that everything in this document is true to the best of his knowledge. **READ THIS DOCUMENT CAREFULLY IF YOU WANT TO KNOW:**

- Who can vote or object.

- The treatment of your claim is (*i.e.*, what your claim will receive if the plan is confirmed).

- The history of the debtor and significant events during the bankruptcy.

- How the court will decide whether to confirm the plan.

- The effect of plan confirmation.

- Whether this plan is feasible.

1. Background

The **Debtor** filed a voluntary petition on November 1, 2011 that commenced this chapter 11 bankruptcy case. The filing of the petition constituted an order for bankruptcy relief under § 301 of the Bankruptcy Code. Upon the filing of the case, an automatic stay was imposed pursuant to § 362(a) of the Bankruptcy Code. The automatic stay prohibits most collection

Jesus Flores
K:\244\244617\Plan  Disclosure.docx

activities against the **Debtor** and his property. There are certain exceptions set forth in § 362(b) of the Bankruptcy Code.

The debtor is an individual who is the sole shareholder of a limited liability company named Pro-Medic EMS, LLC. The debtor filed a prior chapter 11 case on December 22, 2004 styled as case number 04-71187-M-11. The debtor's chapter 11 plan consisted mainly of I.R.S. liability. The debtor's plan in such case was confirmed on July 5, 2006.

Mr. Jesus Flores, the debtor, was born and raised in San Juan, Texas. After years of working in the field of emergency medical services he decided to open a business of his own and in March of 1998 Pro Medic EMS was opened. He started off with one ambulance and did all of the public relations himself. Pro Medic EMS, over a span of eight years, grew to 30 ambulances. Mr. Flores then started acquiring contracts with various cities across the Rio Grande Valley including: San Juan, Alamo, Donna, Mercedes, Sullivan City, La Joya, and Palm View. Soon thereafter he was gaining more contracts, but with Hospitals and nursing home facilities. His business was growing.

Mr. Flores decided he wanted to further his education in the area of diesel mechanics. Mr. Flores then moved to Houston, Texas; where the courses for this major were offered. He left his company in the hands of his assistant CEO. Unfortunately, upon his return in December of 2004 Mr. Flores became aware that the payroll taxes for the company were not being paid. At that time Mr. Flores took Bankruptcy protection. Since exiting bankruptcy Mr. Flores remained current with the I.R.S. and even hired an accountant to better handle the Company finances.

The first date scheduled for the meeting of creditors under § 341(a) of the Bankruptcy Code was January 25, 2012, however the debtor was not able to attend due to medical reasons and the meeting was reset to February 14, 2012. The meeting took place as scheduled and was concluded on that date. **THE BAR DATE FOR FILING PROOFS OF CLAIMS, INCLUDING ADMINISTRATIVE CLAIMS IS MARCH 12, 2012.**

When the Debtor filed this bankruptcy case, all of his property became property of his bankruptcy estate. The Debtor was allowed to claim that certain property should be treated as exempt property and excluded from the bankruptcy estate. On November 1, 2011, the Debtor filed his list of claimed exempt property. Federal Rule of Bankruptcy Procedure 4003(b) requires that all objections to the claimed exemptions be filed not later than 30 days after the conclusion of the § 341 meeting of creditors. No timely objections to exemptions were filed. Accordingly, the exemptions have been allowed.

## 2. Description of Assets

The Debtor filed schedules of all of his assets and liabilities on November 1, 2011. Complete copies of the schedules are available from the Clerk of the Court. The primary assets of the bankruptcy estate, their estimated values and associated liens are:

| Description of Asset | Estimated Fair Market Value | Amount of Debt Secured by Liens Against this Asset | Value Available to Estate | Basis of Estimate of Value |
|---|---|---|---|---|
| 100% interest in Pro-Medic EMS, Inc. | $250,000.00 | $609,314.54 | $ 0.00 | Bankruptcy Schedule B |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  | TOTAL | $ 0.00 |  |

The Debtor has identified the following lawsuits that may be filed by him.  Mark only those that apply.

____    Lawsuits to recover fraudulent transfers:

| Potential Defendant | Date(s) of Transfer(s) | Amount of Claim |
|---|---|---|
| None. |  |  |
|  |  |  |

____    Lawsuits to recover preferences:

| Potential Defendant | Date(s) of Transfer(s) | Amount of Claim |
|---|---|---|
| None |  |  |
|  |  |  |

____    Lawsuits arising under other provisions of the Bankruptcy Code:

| Potential Defendant | Description of claim | Amount of Claim |
|---|---|---|
| None |  |  |
|  |  |  |

____    Lawsuits arising under non-bankruptcy law:

| Potential Defendant | Description of claim | Amount of Claim |
|---|---|---|
| None. |  |  |
|  |  |  |

Jesus Flores
K:\244\244617\Plan  Disclosure.docx

### 3. Events Leading Up to Bankruptcy

In 2009 an agent from the IRS showed up at the business and informed Mr. Flores that he had an additional $300,000.00, more or less, of outstanding payroll taxes. Mr. Flores reached an agreement with the I.R.S. and resolved the issue. Mr. Flores continued to stay current and free of incidents with the repayment agreement. Recently, with the new reforms in Medicare and Medicaid (the debtor's main sources of income) revenues quickly dwindled. Although revenues are now on the rise, Mr. Flores has been unable to honor the agreement with the I.R.S. and has again taken Bankruptcy Protection. The new payment under this Plan is very feasible and given the state of the economy, and Medicaid and Medicare reforms, the debtor has adjusted his company's budget to conform to the changes and believes that he can confirm a plan and leave the protection of the bankruptcy court.

### 4. Sources of Income

In the last three years, the Debtor's primary sources of income have been:

Income from Employment (by Debtor)

| Year | Employer | Amount of Income |
|---|---|---|
| 2011 (to date) | Year to date pay stubs | $36,450.00 |
| 2010 | 1040 Tax Return | ($242,890.00) |
| 2009 | 1040 Tax Return | $35,675.00 |
| 2008 | 1040 Tax Return | ($114,558.00) |

Income from Employment (by Non-Filing Spouse)

| Year | Employer | Amount of Income |
|---|---|---|
| 2011 (to date) | Hidalgo ISD | $36,768.00 |
| 2010 | Hidalgo ISD | $44,122.00 |
| 2009 | Hidalgo ISD | $49,601.00 |
| 2008 | Hidalgo ISD | $41,831.00 |

Income from Operation of Business

| Year | Name and Nature of Business | Amount of Income |
|---|---|---|
| 2011 (to date) | Pro-Medic EMS, Inc. P n L | $7,179,779.05 |
| 2010 | Pro-Medic EMS, Inc. Tax Return | $9,798,038.00 |
| 2009 | Pro-Medic EMS, Inc. Tax Return | $9,898,225.00 |
| 2008 | Pro-Medic EMS, Inc. Tax Return | $8,893,343.00 |
| | | |

### 5. Description of Reorganization

The Debtor intends to reorganize his finances through a combination of the following:

__X__   Increasing his income.  If this box is marked, complete the following:

Specifically, how does the Debtor intend to increase his income?

Jesus Flores will continue to manage Pro-Medic EMS, Inc. and expects growth in income in future years.

The Debtor believes that his income in each of the next five years will be:

| Year | Source | Income |
|---|---|---|
| 2012 | Employment/business | $8,000,000.00 |
| 2013 | Employment/business | $8,240,000.00 |
| 2014 | Employment/business | $8,490,000.00 |
| 2015 | Employment/business | $8,740,000.00 |
| 2016 | Employment business | $9,000,000.00 |

____   Surrendering the following collateral to eliminate the obligation to repay secured indebtedness.

| Lender | Description of Collateral | Total Debt secured by Collateral |
|---|---|---|
| None | | |
| | | |
| | | |
| | | |
| | | |

____   Reducing his other expenditures, as follows:

| Description of Expenditure | Previously Expenditures (per month) | Forecast Expenditures (per month) | Description of how reduction will be made |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

____   Selling the following assets:

| Description of Asset | Forecast Net Proceeds from Sale | Forecast Date of Sale |
|---|---|---|

Jesus Flores
K:\244\244617\Plan Disclosure.docx

| Description of Asset | Forecast Net Proceeds from Sale | Forecast Date of Sale |
|---|---|---|
| None | | |
| | | |
| | | |

\_\_\_\_   Other: [Provide Complete Description]

## 6. Classification and Treatment of Claims

The following is the classification and treatment of claims under this plan:

| Class # | Description of Class | Impaired or Unimpaired | Total Amount of Claims Forecast to be in this Class | Interest Rate, if any | Terms of Repayment, including security, if any, and abandonment of collateral, if any (See Section 5 for a More Complete Description of any Abandonments) | Total payable in Months 1-12 | Total payable in Months 13-24 | Total payable in Months 25-36 | Total payable in Months 37-48 | Total payable in Months 49-60 | Total payable in Months 61-end |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Secured Claim of I.R.S. | Impaired | $506,243.49 | 3% | | 109,158.36 | 109,158.36 | 109,158.36 | 109,158.36 | 109,158.36 | $545,791.80 |
| 2 | Hidalgo County FF& E Taxes | Impaired | $12,000.00 | 12% | | 3,203.16 | 3,203.16 | 3,203.16 | 3,203.16 | 3,203.16 | $16,015.80 |
| 3 | City of Alamo Statutory Tax Lien | Impaired | $4,771.48 | 12% | | 1,273.68 | 1,273.68 | 1,273.68 | 1,273.68 | 1,273.68 | $6,368.40 |
| 4 | Hidalgo County | Impaired | $5,516.02 | 12% | | 1,472.40 | 1,472.40 | 1,472.40 | 1,472.40 | 1,472.40 | $7,362.00 |
| 5 | Pharr San Juan Alamo I.S.D. | Impaired | $11,303.13 | 12% | | 3,017.16 | 3,017.16 | 3,017.16 | 3,017.16 | 3,017.16 | $15,085.80 |
| 6 | South Texas College | Impaired | $1,253.22 | 12% | | 1,403.61 | | | | | $1,403.61 |
| 7 | South Texas I.S.D. | Impaired | $409.15 | 12% | | 458.25 | | | | | $ 458.25 |

Jesus Flores
K:\244\244617\Plan  Disclosure.docx

| Class # | Description of Class | Impaired or Unimpaired | Total Amount of Claims Forecast to be in this Class | Interest Rate, if any | Terms of Repayment, including security, if any, and abandonment of collateral, if any (See Section 5 for a More Complete Description of any Abandonments) | Total payable in Months 1-12 | Total payable in Months 13-24 | Total payable in Months 25-36 | Total payable in Months 37-48 | Total payable in Months 49-60 | Total payable in Months 61-end |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 9. | General Unsecured Claims | Impaired | $1,423.90 | 5.25% | | $1,498.65 | | | | | $1,498.65 |
| | TOTALS | | | | | $121,485.27 | $118,124.76 | $118,124.76 | $118,124.76 | $118,124.76 | $593,984.31 |

Only holders of claims that are "impaired" have the right to vote to accept or reject the plan. If a claim is not marked as impaired, it will be paid in accordance with the pre-petition contract that governs the claim. If there is a discrepancy between the payments reflected in the above chart and the pre-petition contract, the pre-petition contract will control.

The forecast claims in this class are the amount of claims that the Debtor believes will ultimately be allowed by the Court. The following claims either have been made or are expected to be made and are disputed:

| Class | Holder of Claim | Amount of Claim Asserted by Holder | Amount of Claim Agreed by Debtor | Description of Dispute |
|---|---|---|---|---|
| | | | | |
| | | | | |

Page 9 of 19

Jesus Flores
K:\244\244617\Plan Disclosure.docx

| Class | Holder of Claim | Amount of Claim Asserted by Holder | Amount of Claim Agreed by Debtor | Description of Dispute |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

### 7. Payment of Administrative Claims

Administrative claims are the claims allowed under § 503(b) of the Bankruptcy Code for administration of this bankruptcy case. These claims will be paid in cash on the Effective Date of the plan, unless a written agreement to the contrary is made with the holder of any such allowed claim.

The Court must approve all professional fees listed in this table. Professionals must file and serve a properly noticed fee application and the Court must rule on the application. Only the amount of fees allowed by the Court will be required to be paid under this plan.

The following are the estimated administrative claims:

| Claimant | Nature of Claim | Amount Claimed by Claimant | Amount Forecast to be Paid by the Debtor | Total payable in Months 1-12 | Total payable in Months 13-24 | Total payable in Months 25-36 | Total payable in Months 37-48 | Total payable in Months 49-60 | Total payable in Months 61-end |
|---|---|---|---|---|---|---|---|---|---|
| Malaise Law Firm | Legal fees | $18,000.00 | $18,000.00 | $6,000.00 | $6,000.00 | $6,000.000 |  |  |  |
| James Downing | C.P.A. | $12,000.00 | $12,000.00 | $4,000.00 | $4,000.00 | $4,000.00 |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  | $10,000.00 | $10,000.00 | $10,000.00 | $ 0.00 | $ 0.00 | $ 30,000.00 |

### 8. Payment of Priority, Unsecured Tax Claims of Governmental Units

Jesus Flores
K:\244\244617\Plan  Disclosure.docx

Claims held by governmental units of the type described in § 507(a)(8) of the Bankruptcy Code will be paid in full, with interest at an annual rate of 3%, in equal monthly installments over a period beginning 30 days after the Order for relief and ending five years after the date of the filing of the petition.  Notwithstanding the foregoing treatment, any holder of a § 507(a)(8) claim may file a written election to be treated on the same basis as any nonpriority unsecured claim.  Any such election must be filed in writing not later than 14 days after entry of the order confirming the plan.

The following claims are in this category:

| Claimant | Nature of Claim | Amount Claimed by Claimant | Amount and nature of any dispute by the Debtor | Total payable in Months 1-12 | Total payable in Months 13-24 | Total payable in Months 25-36 | Total payable in Months 37-48 | Total payable in Months 49-60 | Total payable in Months 61-end |
|---|---|---|---|---|---|---|---|---|---|
| Texas Guaranteed Student Loan | Student Loan, interest rate 7.72% | $1,796.34 | None | $1,935.02 | | | | | $1,935.02 |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | $1,935.02 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $1,935.02 |

### 9. Forecasts

Based on the preceding forecasts of income and expenses and on the provisions of the plan, the Debtor provides these forecasts of their cash flow:

Jesus Flores
K:\244\244617\Plan Disclosure.docx

|  | Months 1-12 | Months 13-24 | Months 25-36 | Months 37-48 | Months 49-60 | Months 61-end |
|---|---|---|---|---|---|---|
| Beginning cash balance | 0.00 |  |  |  | $10,000.00 | $ 0.00 |
|  |  |  |  |  |  |  |
| Income from Employment | 0.00 |  |  |  |  |  |
| Gross Income from operation of business | 8,000,000.00 | 8,240,000.00 | 8,490,000.00 | 8,740,000.00 | 9,000,000.00 | $42,470,000.00 |
| Income from sale of assets |  |  |  |  |  |  |
| Retirement/social security income |  |  |  |  |  |  |
| Domestic support received |  |  |  |  |  |  |
| Rental income |  |  |  |  |  |  |
| Other income |  |  |  |  |  |  |
| TOTAL INCOME | $8,000,000.00 | $8,240,000.00 | $8,490,000.00 | $8,740,000.00 | $9,000,000.00 | $42,470,000.00 |
|  |  |  |  |  |  |  |
| Taxes on income | 4,950.00 | 4,950.00 | 4,950.00 | 4,950.00 | 4,950.00 | $24,750.00 |
| Property taxes |  |  |  |  |  |  |
| Insurance | 9,792.00 | 9,792.00 | 9,792.00 | 9,792.00 | 9,792.00 | $48,960.00 |
| Household expenses | 3,600.00 | 3,600.00 | 3,600.00 | 3,600.00 | 3,600.00 | $18,000.00 |
| Charitable contributions | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |  |
| Business expenses | 7,818,579.71 | 8,063,875.24 | 8,313,875.24 | 8,563,875.24 | 8,823,875.24 | $41,584,080.67 |
| Transportation expenses | 6,720.00 | 6,720.00 | 6,720.00 | 6,720.00 | 6,720.00 | $33,600.00 |

Jesus Flores
K:\244\244617\Plan Disclosure.docx

|  | Months 1-12 | Months 13-24 | Months 25-36 | Months 37-48 | Months 49-60 | Months 61-end |
|---|---|---|---|---|---|---|
| Medical and dental | 5,400.00 | 5,400.00 | 5,400.00 | 5,400.00 | 5,400.00 | $27,000.00 |
| Domestic support payments | 7,920.00 | 7,920.00 | 7,920.00 | 7,920.00 | 7,920.00 | $39,600.00 |
| Recreation and entertainment | 8,400.00 | 8,400.00 | 8,400.00 | 8,400.00 | 8,400.00 | $42,000.00 |
| Other expenditures (specify) | 1,218.00 | 1,218.00 | 1,218.00 | 1,218.00 | 1,218.00 | $6,090.00 |
| TOTAL EXPENDITURES | $7,866,579.71 | $8,111,875.24 | $8,361,875.24 | $8,611,875.24 | $8,871,875.24 | $41,824,080.67 |
|  |  |  |  |  |  |  |
| NET CASH FLOW THIS PERIOD | $133,420.29 | $128,124.76 | $128,124.76 | $128,124.76 | $128,124.76 | $645,919.33 |
|  |  |  |  |  |  |  |
| Payments Pursuant to Plan | $133,420.29 | $128,124.76 | $128,124.76 | $118,124.76 | $118,124.76 | $625,919.33 |
| Cash Flow this Period after Plan Payments | $ 0.00 | $ 0.00 | $ 0.00 | $10,000.00 | $10,000.00 | $20,000.00 |
| Ending Cash balance | $ 0.00 | $ 0.00 | $ 0.00 | $10,000.00 | $20,000.00 | $20,000.00 |

Jesus Flores
K:\244\244617\Plan Disclosure.docx

## 10. Disposable Income Test

If an unsecured creditor objects to confirmation, the plan can be confirmed only if it provides for a 100% distribution to creditors; or a distribution to creditors that is of a value of not less than the debtor's projected disposable income to be received during the longer of (i) the 5-year period beginning on the date that the first payment is due under the plan; or (ii) the term of the plan. Disposable income is the difference between income and necessary expenses.

Notwithstanding any provision in this plan to the contrary, the Debtor commits to make payments of a value not less than required by the preceding paragraph.

## 11. Absolute Priority Rule--Cramdown

This section only applies if a class of unsecured claims does not accept the plan. In that instance, the Debtor seeks confirmation of the plan pursuant to § 1129(b). The law is unclear whether the Absolute Priority Rule would apply in this individual chapter 11 case. The Absolute Priority Rule is contained in § 1129(b)(2)(B) of the Bankruptcy Code. If a class of unsecured claims has not voted to accept the plan, the Absolute Priority Rule provides that the debtor may not retain property unless the holders of claims in the class are paid in full.

If a class of unsecured claims does not accept this plan, the Debtor will (mark all that apply):

_____  Allege that the Absolute Priority Rule does not apply in a chapter 11 case in which the debtors are individuals.

_____  Withdraw this plan.

_____  Sell or surrender all of their non-exempt property and pay any resulting proceeds to their creditors.

\_\_\_\_\_x\_\_\_\_  Increase the distribution to the holders of unsecured claims such that each holder is paid in full.

_____  Other. Describe:_____
_____
_____

## 12. Liquidation Analysis

Section 1129(a)(7)(A) of the Bankruptcy Code requires that each holder of a claim must either accept the plan or receive payments or property with a value of at least as much as would be available in a chapter 7 liquidation of the Debtor's assets.

Jesus Flores
K:\244\244617\Plan Disclosure.docx

As set forth above, each holder of a secured claim is either receiving its collateral or is being paid the value of its claim, with interest. This treatment satisfies the liquidation test under § 1129(a)(7)(A). Holders of priority claims are paid in full, with interest. This also satisfies the requirements of § 1129(a)(7).

Holders of general unsecured claims are forecast to receive a dividend of 100% of their allowed claim. The Debtor has estimated that his assets, after payment of liens would generate the following amounts in a chapter 7 liquidation:

| Description of Asset | Estimated Liquidation Value | Amount of Debt Secured by Liens Against this Asset | Value Available to Estate in Liquidation | Basis of Estimate of Value |
|---|---|---|---|---|
| 100% interest in Pro-Medic EMS, Inc. | $250,000.00 | $609,314.54 | $ 0.00 | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | TOTAL | $ 0.00 | |

In a chapter 7 liquidation, the estimated liquidation value of $ 0.00 would be applied to the chapter 7 Trustee's fees and expenses and then to priority claims. This would produce the following:

| | |
|---|---|
| Liquidation Value | $ 0.00 |
| Estimated Trustee's Fees and expenses | $0.00 |
| Estimated priority claims | $297,257.40 |
| Total available for holders of unsecured claims | $ 0.00 |
| Estimated unsecured claims | $0.00 |
| Estimated percentage recovery in liquidation | $0.00 |

Jesus Flores
K:\244\244617\Plan Disclosure.docx

Because the plan forecasts to pay holders of unsecured claims 100% of the amount of their claims and a chapter 7 liquidation is forecast to pay only 0, this plan satisfies the liquidation test as to holders of unsecured claims.

### 13. Prepayment

Any claim may be prepaid at any time, without penalty.  Interest as provided in this plan must be paid through the date of prepayment.

### 14.  Tax Issues

The federal income tax effects on holders of claims will vary depending on how the holder has treated its claim for tax purposes.  For example, if the holder has a basis in its debt claim and is paid an amount less than its basis, the holder may be entitled to a federal income tax deduction for its loss.  This will depend on the holder's own tax characteristics and cannot be assured.  Conversely, if the holder has no basis in its debt claim, the holder may recognize income for federal income tax purposes based on payments under the plan.

Because each holder's federal income tax situation may vary, you are urged to consult your own tax advisors to determine the federal income tax effect of the plan on you.

The Debtor may also have a federal income tax effect from the plan.  To the extent that indebtedness is discharged, the Debtor may have a basis adjustment in their assets.  Moreover, any sale of assets may produce taxable income.  The forecasts set forth above incorporate the Debtor' best estimate of the federal income tax effect of the plan.

### 15. Executory Contracts and Leases

Except for the assumed contracts and leases listed in the following chart, all Executory leases and contracts are rejected as of the Effective Date.  Proofs of claim for damages arising from the rejection of an Executory lease or contract must be filed not later than 30 days after the Effective Date.  Claims filed after that date will not be paid.

| Contracting Party | Description of Contract | Amount Required to Cure Any Default |
|---|---|---|
| None | | |
| | | |
| | | |

The amount shown under "Amount Required to Cure Any Default" will be paid not later than 30 days after the Effective Date of the Plan.

Jesus Flores
K:\244\244617\Plan  Disclosure.docx

If you are the Contracting Party on an assumed contract and disagree with the cure amounts shown, you must file an objection prior to the objection deadline of N/A, there are no Executory Contracts. If you do not file an objection prior to the objection deadline, the Court may confirm the plan and you will be bound by the terms of the confirmed plan as to the cure amount.

### 16. Claims Objections

Claims objections must be filed not later than 30 days after entry of the order confirming the plan. This deadline may be extended by the Court, on motion by a party in interest. Any such motion must be filed not later than 30 days after entry of the order confirming the plan.

### 17. Additional Provisions

*Internal Revenue Service*

This claim consists of the Allowed Claim of the Internal Revenue Service (herein "I.R.S.") is composed of the following: (i) Secured $250,000.00 which includes tax in the amount of $171,323.65; interest in the amount of $37,662.44; penalty in the amount of $41,013.91 (ii) Priority in the amount of $297,257.40 which includes tax in the amount of $219,546.63 and interest in the amount of $77,710.77 and; (iii) Unsecured in the amount of $100,561.26, which is all penalty for a total allowed claim in the amount of $637,818.66.

Pursuant to an agreement reached by the Debtor and the IRS, the total claim of $647,818.66 which includes penalty in the total amount of $141,575.17 will be reduced to $506,243.49. As such, the agreed claim is $506,243.49, less payments made post-petition, with an interest rate of 3% to be paid over a period of sixty (60) months commencing with a first payment of $27,218.21 due on April 15, 2012, and QUARTERLY PAYMENTS in the amount of $27,218.21 with the next QUARTERLY PAYMENT due on July 18, 2012 and every quarter thereafter until fully paid. Nonetheless, should the debtor be unsuccessful in repaying the IRS in full, pursuant to this Plan, the pre-petition penalties and interest will be added back to the IRS's claim. Additionally, the IRS shall retain its pre-petition lien.

Payments shall be mailed to:

Keri Templeton
c/o Internal Revenue Service
300 E 8th St. Stop 5026 AUS
Austin, Texas 78701

The debt owed by the debtor to the I.R.S. is a nondischargeable debt, except as otherwise provided for in the Code, and if the debtor should default, the IRS is not subject to the provisions of the Bankruptcy Code so that the IRS can take whatever actions are necessary to collect said debt in the event of default. A failure by the debtor to make a payment to the IRS pursuant to the terms of the Plan shall be an event of default; as to the IRS, there is an event of default if payment is not received by the thirtieth (30th) day of each month; if there is default to the IRS, the IRS must send written demand for payment to the debtor and said payment must be received by the IRS within fifteen (15) days of the date of the demand letter; the debtor can receive up to five (5) notices of default from the IRS, the fifth (5th) default cannot be cured and the IRS may accelerate its allowed claim(s), past and future, and declare the outstanding amount of such claim(s) to be immediately due and owing and pursue any and all available state and federal rights and remedies.  These default provisions pertain to the entire claim(s) of the IRS, secured, unsecured priority and unsecured general.

The IRS is bound by provisions of the confirmed Plan and is barred under 11 U.S.C. §1141 from taking any collection action against the debtor for pre-petition claims during the duration of the Plan (provided there is no default as to the IRS).  The period of limitations on collection remains suspended under 26 U.S.C. § 6503(h) for tax periods being paid under the Plan and terminates on the earlier of (1) all required payments to the IRS have been made; or (2) thirty (30) days after the date of the demand letter (described above) for which the debtor failed to cure the default.

 Debtor's failure to remain current on its ongoing tax obligations shall be an event of default under the Agreed Order in this case and this Confirmation Order.  Provided, however, that debtor's failure to make a timely tax deposit as required by law may be cured by debtor making the next succeeding required deposit, but such deposit must include both the current amount due, as well as the amount previously due but not paid.  Any failure by debtor to make this next succeeding deposit for the total amount due shall be deemed a final default that will allow the IRS to pursue collection activities immediately without further order of this Court.

Default for which debtor shall receive notice and opportunity to cure - the following event of default may be cured by the debtor as follows:   A failure by the debtor to make a payment to the IRS pursuant to the terms of the Confirmed Plan on file in this case (except as to debtor's ongoing tax obligations) or of its bankruptcy plan shall be an event of default if payment is not received by the thirtieth (30th) day of each month. If there is such a default as to the IRS, the IRS must send written demand for payment to the debtor at **Jesus Flores 1201 Ridge Road, Alamo, Texas 78516** and said payment must be received by the IRS within fifteen (15) days of the date of the demand letter; the debtor can receive up to five (5) notices of default from the IRS, but the fifth (5th) default cannot be cured.

IRS remedies upon default: Upon any final and non-curable default by debtor, IRS may accelerate its allowed pre and post petition claims, and any future administrative claims, and declare the outstanding amount of such claims to be immediately due and owing and pursue any and all available state and federal rights and remedies as provided by law without further order of this Court."    **The Internal Revenue Service stipulates and agrees that it will not proceed**

Jesus Flores
K:\244\244617\Plan  Disclosure.docx

with any collection action against third parties so long as the Debtor does not default under the terms of this Plan.

### 18. Discharge, Vesting and Effective Date

Upon completion of all payments, the Debtor must file a motion for discharge, served on all holders of allowed claims, in which they will certify that (i) they meet the standards set forth in § 1141(d)(5)(C) of the Bankruptcy Code; and (ii) have completed all payments under the plan. Unless a party objects and the Court sustains the objection to the motion for discharge, the Debtor will be discharged of their liability on debts to the maximum extent allowed by § 1142 of the Bankruptcy Code.

Pending completion of the payments under the plan, the plan's provisions bind all persons to the extent allowed by § 1141(a) of the Bankruptcy Code.

All estate property is vested in the Debtor on the Effective Date of the plan, free and clear of all claims and interests except (i) as provided in this plan; and (ii) for claims and interests that are excepted from discharge under § 523 of the Bankruptcy Code.

This Effective Date of this plan is the 15th day after entry of the order confirming the plan, unless the confirmation order is stayed. If the confirmation order is stayed, the Effective Date shall be the 15th day following the termination of the stay. No party may act pursuant to this plan prior to the Effective Date.

### 19. Conclusion

JESUS FLORES has filed this plan and disclosure statement. He represents that he believes the information contained in this document to be true and correct in all respects.

Dated: March 13, 2012

*/s/ Jesus Flores*
JESUS FLORES

Submitted through his counsel:

Eduardo V. Rodriguez
Malaise Law Firm
1265 N. Expressway 83
Brownsville, Texas 78520
Phone: 956-547-9638
Fax: 956-547-9630
evr@malaiselawfirm.com
Attorney In Charge for Debtor